WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (212) 382-0050
William A. Maher
James N Lawlor
Adam M. Bialek
John D. Giampolo
Mara R. Lieber

ROLLIN BRASWELL FISHER LLC
A Professional Company
8350 E. Crescent Pkwy., Suite 100
Greenwood Village, Colorado 80111
Telephone:    (303) 945-7415
Facsimile:    (303) 974-7468
Michael A. Rollin
Maritza Dominguez Braswell *(pro hac vice)*
Caleb Durling

*Counsel for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.<br>08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>Plaintiff,<br><br>- against -<br><br>1ST ADVANTAGE MORTGAGE, L.L.C. *et al.*,<br><br>Defendants. | Adversary Proceeding<br>No. 16-01019 (SCC) |

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., <br><br> Plaintiff, <br><br> - against - <br><br> FAIRMONT FUNDING LTD., <br><br> Defendant. | Adversary Proceeding <br> No. 16-01382 (SCC) |

## MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR AN ORDER TO ADMINISTRATIVELY CONSOLIDATE ADVERSARY PROCEEDING DOCKETS UNDER THE CASE MANAGEMENT ORDER AND PURSUANT TO U.S.C. § 105(a) AND BANKRUPTCY RULE 7042

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), submits this motion (the "Motion") seeking entry of the accompanying proposed order (the "Proposed Order") to administratively consolidate the dockets of the related adversary proceedings on Exhibit A annexed to the Proposed Order (the "Actions"), directing that this Court's decisions, Orders, and other filings entered on the docket of *Lehman Brothers Holdings Inc. v. 1st Advantage Mortgage, L.L.C., et al.*, Adv. Pro. No. 16-01019, will apply with full force and effect to all Actions unless otherwise indicated by the Court and need not be entered on the docket of any other Action; and respectfully represents:

### PRELIMINARY STATEMENT

1.      In the above-captioned actions, LBHI seeks hundreds of millions of dollars in contractual indemnity from approximately 140 Defendants.

2.     To promote efficiency and to minimize duplication and redundancy, on

November 1, 2016, the Court entered the Case Management Order (the "CMO") [Adv. Pro. No.

16-01019, ECF No. 305], which governs the Existing Actions[1] and is binding on all defendants

named therein (the "Existing Defendants").

3.     The CMO also provided that LBHI was to file separate "Second Amended

Complaints" against each Existing Defendant (and any successors-in-interest) in the Omnibus

Action and provides that those separate "Second Amended Complaints" are to be governed by

the CMO.  In addition, the CMO authorized LBHI to commence new actions by filing "Second

Amended Complaints" against additional defendants (the "Additional Defendants").

4.     On January 20, 2017, LBHI filed a motion seeking to have the CMO govern the

Additional Defendants.

5.     Under the CMO, the docket of *Lehman Brothers Holdings Inc. v. 1st Advantage

Mortgage, L.L.C., et al.,* Adv. Pro. No. 16-01019 is to serve as the master docket for all Actions

during Phases I and II (as defined in the CMO).  *See* CMO ¶ 6.

6.     Now that LBHI has filed separate "Second Amended Complaints" against each

Existing Defendant and commenced actions against the Additional Defendants, this Motion

seeks to further minimize duplication and advance all these Actions to a just, speedy, and

efficient conclusion.  To do so, LBHI seeks an Order in furtherance of the administrative

consolidation procedures under paragraph 6 of the CMO that authorizes the Court to enter

decisions, Orders, or other filings on the docket of *Lehman Brothers Holdings Inc., et al. v. 1st

Advantage Mortgage, L.L.C.* Adv. Pro. No. 16-01019, and such entries will apply with full force

---

[1] As used herein the "Existing Actions" refers to:  *LBHI v. Stearns Lending, LLC*, Adv. Proc. No. 16-01001 (SCC),
*LBHI v. Standard Pacific Mortgage, Inc. f/k/a Family Lending Services, Inc.*, Adv. Proc. No. 16-01002 (SCC), *LBHI
v. American Bank and Congressional Bancshares, Inc.* (successor-in-interest), Adv. Proc. No. 16-01003 (SCC), and
*LBHI v. 1st Advantage Mortgage, L.L.C., et al*., Adv. Proc. No. 16-01019 (SCC).

and effect to all Actions unless otherwise indicated by the Court and need not be entered on the

docket of any other Action.

## JURISDICTION

7.      Each Action was commenced under Rules 7001 and 7003 of the Federal Rules of

Bankruptcy Procedure.

8.      This Court has subject-matter jurisdiction to consider and determine this matter

under 28 U.S.C. §§ 157 and 1334 as the matter has a close nexus with the Plan, which was

confirmed by Order of the Bankruptcy Court, dated December 6, 2011 (the "Confirmation

Order"), which became effective on March 6, 2012.  The Court has retained post-confirmation

jurisdiction over this matter under section 14.1 of the Plan and paragraph 77 of the Confirmation

Order.

9.      Venue is proper under 28 U.S.C. §§ 157(a), 1408, and 1409.

10.     This Court has personal jurisdiction over all Defendants named in the Actions.

## BACKGROUND AND PROCEDURAL HISTORY

**General Background[2]**

11.     Prior to filing its bankruptcy petition on September 15, 2008, LBHI arranged

directly, or through its affiliates, for the purchase or submission of mortgage loans from

mortgage loan originators and other institutions and counterparties involved in the sale and/or

submission of such loans (collectively defined as "Sellers"), and then packaged those loans for

securitization and/or sale.  In such transactions, the Seller made representations and warranties

---

[2] Additional facts regarding the background and procedural history concerning this matter are set forth in LBHI's
*Motion of Lehman Brothers Holdings Inc. Pursuant to Section 105(a) of the Bankruptcy Code to Enter the Proposed
Case Management Order*, dated September 1, 2016 [Adv. Pro. No. 16-01019, ECF No. 269], and are incorporated
herein by reference.

concerning the loans, and granted the contractual right to require each of the Sellers to indemnify the purchaser and hold it harmless from any liabilities, losses or damages suffered regarding the mortgage loans.  Certain of these loans breached the representations, warranties, obligations, and covenants made by the Sellers to LBHI (the "Defective Loans"), as assignee of Lehman Brothers Bank, FSB ("LBB").  After acquiring the Defective Loans, LBHI sold them to the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

12.    When LBHI sold mortgage loans, including the Defective Loans, to Fannie Mae and Freddie Mac, LBHI included representations, warranties, and covenants about the mortgage loans that were co-extensive with those that the Sellers had made to LBHI.  Fannie Mae and Freddie Mac subsequently discovered defects in the Defective Loans and made claims upon LBHI for losses suffered on the Defective Loans.

13.    In January and February 2014, respectively, this Court approved settlements between (i) LBHI and Fannie Mae [Case No. 08-13555, ECF No. 42153], and (ii) LBHI and Freddie Mac [Case No. 08-13555, ECF No. 42754].  Those settlements and orders resolved proofs of claim that Fannie Mae and Freddie Mac had asserted against LBHI arising from, among other things, the sale of Defective Loans to Fannie Mae and Freddie Mac.

14.    LBHI retained the right to seek indemnification from the Sellers if it became liable for certain indemnification events.  The settlements between LBHI and Fannie Mae and LBHI and Freddie Mac triggered LBHI's contractual claims for indemnification and/or reimbursement against the Sellers (the "Indemnification Claims"), claims which LBHI has pursued against certain Sellers.  LBHI's recoveries for the Indemnification Claims will be distributed to creditors of the bankruptcy estate.

**The ADR Order and the Actions**

15.    To promote judicial efficiency and expedite the recovery of substantial value for the benefit of creditors, on June 24, 2014, this Court granted LBHI's *Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers*, which established a comprehensive mediation procedure for Indemnification Claims (the "ADR Order"). *See* Case No. 08-13555, ECF No. 45277. The ADR process was intended to resolve the Indemnification Claims efficiently.

16.    While LBHI has consensually resolved certain Indemnification Claims inside and outside of ADR mediations, others have required litigation. Thus, LBHI initiated litigation asserting Indemnification Claims against approximately 140 Sellers, which are the Existing Defendants named in the Actions, seeking to recover hundreds of millions of dollars regarding approximately 2,100 loans.[3]

17.    LBHI initiated the Existing Actions to enforce its right to contractual indemnification for liabilities, losses, damages, claims, judgments and any other costs, fees and expenses LBHI incurred because of the Existing Defendants' sale and/or submission of the Defective Loans.

**The CMO and the Second Amended Complaints**

18.    In the interest of resolving the Indemnification Claims, and to minimize duplication and advance the Existing Actions to a just, speedy and efficient conclusion, this Court granted LBHI's motion for entry of the CMO after full briefing and a hearing.

---

[3] Specifically, on January 5, 2016, January 6, 2016 and February 6, 2016, respectively, LBHI commenced the Existing Actions entitled, (i) *LBHI v. Stearns Lending, LLC*, Adv. Proc. No. 16-01001 (SCC), (ii) *LBHI v. Standard Standard Pacific Mortgage, Inc. f/k/a Family Lending Services, Inc.*, Adv. Proc. No. 16-01002 (SCC), (iii) *LBHI v. American Bank and Congressional Bancshares, Inc.* (successor-in-interest), Adv. Proc. No. 16-01003 (SCC), and (iv) *LBHI v. 1st Advantage Mortgage, LLC, et al.*, Adv. Proc. No. 16-01019 (SCC).

19.    Upon entry of the CMO, each Existing Defendant in the Omnibus Action was bound by its terms.

20.    Paragraph 6 of the CMO provides that the Existing Actions are included under the CMO's definition of "Coordinated Actions" and will be coordinated for Phase I motions and Phase II discovery.

21.    Under the CMO, LBHI filed separate "Second Amended Complaints" against each Existing Defendant (and their successors-in-interest) and each action was assigned its own case number as a separate adversary proceeding.  *See* CMO ¶ 4.[4]  These actions are governed by the CMO.

22.    As contemplated by the CMO, LBHI also filed "Second Amended Complaints," against 38 Additional Defendants.  *Id.* ("LBHI may assert additional claims, plead additional facts, include additional information and commence new actions against additional defendants in the Second Amended Complaints").

23.    On January 20, 2017, LBHI filed a motion seeking to apply the CMO to the Additional Defendants.

**RELIEF REQUESTED**

24.    LBHI seeks to carefully administer the Indemnification Claims and to maximize recovery for the benefit of creditors.  Consistent with that objective, LBHI has uniformly advocated processes designed to achieve resolution of claims and disputes as speedily, inexpensively, and fairly as possible.  *See, e.g.*, Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers

---

[4] The CMO further provides that those separate Second Amended Complaints filed against Defendants shall be governed by the CMO, and shall be included in the CMO's definition of "Coordinated Actions."

[Case No. 08-13555, ECF No. 51241]; Cross-Motion to Establish a Protocol to Resolve Claims Filed by RMBS Trustees [Case No. 08-13555, ECF No. 46526]; Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers [Case No. 08-13555, ECF No. 44450]; Motion of Lehman Brothers Holdings Inc. Pursuant to Section 105(a) of the Bankruptcy Code to Enter the Proposed Case Management Order dated November 16, 2016 [Adv. Pro. No. 16-01019, ECF No. 269].

25.     The Court's management and oversight of the Actions through mechanisms such as the existing CMO and the Proposed Order to further implement it are well within the Court's inherent and express authority under the Federal Rules of Bankruptcy Procedure.  *See, e.g.*, Fed. R. Bankr. P. 1001, 7016, 7026, 7037, and 7042; 11 U.S.C. § 105(a); *see also* Federal Judicial Center, *Manual for Complex Litigation* (Fourth) (the "MCL") §§ 10.1, 10.11, 10.22, 11.4, and 11.422; *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) ("It is well established that district courts possess the 'inherent power' and responsibility to manage their dockets 'so as to achieve the orderly and expeditious disposition of cases") (citations omitted); *In re MF Glob. Hldgs., Ltd.*, 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012) (recognizing "the Court's inherent authority 'to control disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants'"); *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288, 2003 WL 21242882, at *4-5 (S.D.N.Y. May 29, 2003) (consolidating class and individual actions and establishing pretrial procedures).  Indeed, the sheer magnitude and complexities of these cases and the Actions create a need for "the [C]ourt [to] exercise early and effective supervision," for "counsel [to] act cooperatively and professionally," and for the "judge and counsel [to] collaborate to develop and carry out a comprehensive plan for the conduct of pretrial and trial proceedings."  MCL § 10.

26.     LBHI respectfully submits that the Proposed Order similarly promotes efficient processes and will assist the Court in its management of the approximately 100 similar Actions before this Court.

27.     The Proposed Order merely seeks to administratively consolidate the Actions and provides that the Court's decision, Orders, and other filings entered on the docket of *Lehman Brothers Holdings Inc., et al. v. 1st Advantage Mortgage, L.L.C.*, Adv. Pro. No. 16-01019, will apply with full force and effect to all Actions unless otherwise indicated by the Court and need not be entered on the docket of any other Action.  The relief sought in the Proposed Order is appropriate and warranted in the interests of judicial economy.

## CONCLUSION

LBHI respectfully requests that the Court enter the accompanying Proposed Order, and grant LBHI such other and further relief as is just and proper.

Dated: New York, New York
     January 25, 2017

/s/  Adam M. Bialek
William A. Maher
James N. Lawlor
Adam M. Bialek
John D. Giampolo
Mara R. Lieber
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (212) 382-0050

-and-

Michael A. Rollin
Maritza Dominguez Braswell (*pro hac vice*)
Caleb Durling

Rollin Braswell Fisher LLC
A Professional Company
8350 E. Crescent Pkwy., Suite 100
Greenwood Village, Colorado 80111
Telephone:    (303) 945-7415
Facsimile:    (303) 974-7468

*Counsel for Lehman Brothers Holdings Inc.*